UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

DANETTE R. LEE,                )
                               )
     Plaintiff,                ) Civil Action No. 5:11-CV-349-JMH
                               )
v.                             )
                               ) **MEMORANDUM OPINION AND ORDER**
ERIC A. WESPESTAD,             )
                               )
     Defendant.                )

                    **      **      **      **      **

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint which was originally filed in Fayette Circuit Court [DE 1]. In that Complaint, Plaintiff avers that she "sustained severe and permanent bodily injury" and "[t]hat as a direct result of her injuries she has incurred and will continue to incur medical bills and expenses; and has suffered and will continue to suffer pain, both physical and mental." [DE 1-1 at 3]. While Plaintiff does not specify an amount of damages sought, she avers that she has incurred damages in an amount that exceeds the jurisdictional minimum of the Fayette Circuit Court.[1] *Id.*

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed five thousand dollars ($5,000), exclusive of interests and costs, meaning that the amount in controversy must exceed $5,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendants must prove that it is more likely than not that the plaintiffs' claims exceed $75,000." *King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. Id. at 960 (defendant offered "mere averments," not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, 'it is clear that the amount in controversy threshold is met'"). *See also Hackney v. Thibodeaux,* No. 10-35-JBC, 2010 WL 1872875, *2 (E.D. Ky. May 10, 2010) (no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature").

In the case at bar, Plaintiff avers that she suffered injury due to Defendant's allegedly negligent operation of his motor vehicle. In his Notice of Removal, Defendant relies solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the

requisite amount-in-controversy, stating that "it reasonably appears from Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional amount of $75,000." [DE 1 at 2]. That is not enough, and, unless Defendant can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Fayette Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before November 14, 2011 why this matter should not be remanded to Fayette Circuit Court.

This the 28th day of October, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge