UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DANETTE R. LEE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:11-CV-349-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| ERIC A. WESPESTAD, | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

On October 27, 2011, Defendant filed a Notice of Removal [DE 1], removing the above-referenced matter from Fayette Circuit Court, alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Because of Defendant's failure to demonstrate, in his Notice of Removal, that the statutory amount-in-controversy requirement is satisfied, the Court ordered Defendant to show cause why this matter should not be remanded to state court. [DE 3]. Defendant has filed his Response [DE 5] to the Court's Order and this matter is now ripe for adjudication. For the following reasons, this matter shall be remanded to state court. *See* 28 U.S.C. § 1447(c).

A defendant seeking to remove a case to federal court has the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); 28 U.S.C. § 1332. When a plaintiff seeks to recover an unspecified amount that

is "not self-evidently greater or less than the federal amount-in-controversy requirement," a defendant can remove the case only by showing that the claim "more likely than not" exceeds the statutory requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overturned on other grounds by Hertz Corp. v. Friend*, -U.S.-, 130 S.Ct. 1181 (2010). While proof within a legal certainty is not required, *Id.*, the removing defendant must provide competent proof that the requirement is met. *Cleveland Hous. Renewal Project v. Deutsche Bank & Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). In Defendant's response to the Court's Show Cause Order, he relies, as he did in his Notice of Removal, on the nature and severity of Plaintiff's injuries as described in her complaint. Defendant also reports that his counsel "contacted Plaintiff's counsel" and that "Plaintiff's counsel refused to stipulate that damages would be under the amount of $75,000." That Plaintiff refused to stipulate that damages would be less than $75,000, however, is not the same as an admission that they will be greater than $75,000. An undocumented conversation between the parties' counsel is simply insufficient to constitute competent proof of the amount in controversy. As this Court has stated, competent evidence is not difficult to obtain. *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). Such evidence can be obtained through interrogatories or requests for admissions. *Id.* (citing *Marcum v. State Farm Mut. Auto. Ins. Co.*, No. 6:07-269-

DCR, 2007 WL 2461623, *3 (E.D. Ky. Aug. 22, 2007)).

Defendant's proffered evidence does not show that, more likely than not, the amount in controversy in this matter exceeds $75,000. Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to the Fayette Circuit Court and the case shall be **STRICKEN** from the Court's active docket.

This the 16th day of November, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge